```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION

CAROL KING                        §
                                  §
VS.                               §     ACTION NO. 4:12-CV-685-Y
                                  §
NOVARTIS PHARMACEUTICALS CORP.    §
```

ORDER GRANTING MOTION TO STRIKE OR EXCLUDE MARX'S DECLARATION

Pending before the Court is the Renewed Motion to Strike or Exclude the Declaration of Dr. Robert Marx (doc. 74). After review of the motion, the related briefs, and the applicable law, the Court concludes that the motion should be and hereby is GRANTED.

The Court concludes that Plaintiff failed to timely designate Dr. Marx as an expert regarding his opinion that there is a safer alternative design for Zometa that includes a dosage reduction and a change to the length of the interval between infusions. Under the MDL court's scheduling order, the deadline for making such a designation and producing expert reports expired on July 2, 2010, and the deadline for expert discovery expired on October 1. Plaintiff nevertheless waited until November 22, **after** Defendant filed its summary-judgment motion, to present Marx's declaration setting out his safer-alternative-design opinion.[1] Plaintiff offers absolutely no justification for her failure to timely disclose this opinion, and the Court concludes that Defendant would suffer prejudice if an untimely designation were now permitted.

Furthermore, the Court agrees with the Eastern District of Texas's analysis regarding the admissibility of Marx's safer-

---

[1] Marx was, however, timely designated regarding other opinions.

alternative-design opinion in the MDL companion case of *Beulah Conklin v. Novartis Pharmaceuticals Corporation,* No. 9:11CV-178. (Def.'s App. [doc. 74] 195-216.)  In that case, the court concluded that Marx's safer-alternative-design opinion was inadmissible under Federal Rule of Evidence 702 and *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny.  The court concluded that Marx's declaration did not reflect that he was "qualified to opine that a regimen with a decreased dosage and/or frequency of Zometa administration would efficaciously treat cancer-related bone damage." (*Id.* 210.)  Furthermore, Marx's declaration did not provide

> *factual support* [for his opinion] that reducing the dosage and/or frequency of [Zometa would] not only reduce the occurrence of the negative side effect, but will also be effective at fighting cancer-related disease.  Unfortunately, Dr. Marx offers no evidence as to the efficacy of a reduced Zometa regimen, and he does not explain from where he draws his naked conclusion regarding efficacy--certainly, it is not in either of the articles he cites.
> 	Additionally, Dr. Marx does not explain what specific dosage and/or frequency schedule would achieve similar results for fighting cancer-related diseases.  By way of analogy, studies might show that a dose of two aspirin every four hours alleviates a headache, but results in a 20% risk of stomach bleeding.  One might hypothesize that a safe alternative design would include reducing the dosage or increasing the interval between doses.  But there is a significant analytical gap between this hypothetical alter[n]ative dosage/frequency regime, and actually demonstrating that similar headache relief could be obtained.

(*Id.* 212-13.)  For similar reasons, this Court concludes that Marx's safer-alternative-design opinion is inadmissible under Rule 702.

SIGNED January 28, 2014.

/s/ Terry R. Means
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE